*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2012-450

JUNE TERM, 2013

| | | |
|---|---|---|
| Holly Johnson | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Peter Johnson | } | DOCKET NO. 353-7-11-Cnfa |

Trial Judge: Alison Sheppard Arms

In the above-entitled cause, the Clerk will enter:

Father appeals from an order of the superior court, family division, extending a relief-from-abuse (RFA) order. We affirm.

The parties were divorced in 2009. They have two children, a daughter born in 2003 and a son born in 2006. The final divorce decree was modified by stipulation in April 2010 to include the following conditions: (1) father must engage in alcohol counseling for six months beginning in February 2010; (2) father must engage in individual therapy for six months beginning in February 2010; and (3) for a period of one year beginning in February 2010, father must not consume alcohol before or during visits with the children.

On July 11, 2011, mother filed a request for an RFA order, attaching a newspaper article reporting that father had been arrested the previous Sunday for reckless endangerment, careless and negligent operation of a vehicle, and driving under the influence (DUI) with a blood-alcohol content over three times the legal limit while his children were in the car. The parties entered into a stipulation that same day, and on July 21, 2011, the court entered a final RFA order based on their stipulation. The order was for a period of one year and conditioned contact between father and the children on: (1) father not taking alcohol or any other regulated drug within eight hours of or during visits with the children; and (2) the presence of father's parents or any other mutually agreed upon person.

On April 23, 2012, mother filed a motion to modify and extend the RFA order, requesting that there be no contact between father and the children. Mother's request was grounded on allegations by a prior visitation supervisor that father had recently drunk alcohol during the children's visit with him. In response, father filed a motion to strike the mutually-acceptable-supervisor requirement, asserting that mother had refused to consider any new visitation supervisors.

The court did not credit the account of the supervisor relied upon by mother, but nonetheless extended the RFA order for another year, finding that extension of the order was "necessary to ensure the continued safety of the children." The court noted that the original and

amended divorce decree, as well as the original RFA order, acknowledged father's past problems concerning his abuse of alcohol. While recognizing that father had made sincere efforts to address those problems, including completion of probation requirements and admission into a treatment center, the court could not conclude that he no longer presented a risk of harm to the children in light of his past history of abuse and the absence of any current assessment of his treatment needs. As for father's request to modify the supervision condition, the court added father's girlfriend, whom mother had rejected, as an additional acceptable visitation supervisor.

Father appeals, arguing that the burden of proof should be on the party seeking to extend an RFA order, and yet the court in this case placed the burden on him to prove a negative—that his continued use of alcohol no longer posed a danger to his children. According to father, because there was no evidence that he was in need of further treatment, and because in fact the court did not find that he was in need of further treatment, the court erred by extending the RFA based solely on his past history, which effectively placed an impossible burden on him to prove that he no longer needed treatment. Father encourages this Court to adopt the totality-of-the-circumstances standard set by the Supreme Judicial Court of Massachusetts for determining whether an RFA order should be extended. See Iamele v. Asselin, 831 N.E.2d 324, 327-28 (Mass. 2005) (determining that to extend RFA order trial court must find that continued protection is required after evaluating risk of future abuse in light of basis for initial order and totality of conditions existing at time extension is sought).

The court may extend an RFA order "for such additional time as it deems necessary to protect . . . the children . . . from abuse," and the court need not "find that abuse has occurred during the pendency of the order to extend the terms of the order." 15 V.S.A. § 1103(e). Assuming without deciding that the standard set forth in Iamele is the appropriate standard, we find no abuse of discretion in the superior court's decision to extend the RAF order for another year. See Raynes v. Rodgers, 2008 VT 52, ¶ 9, 183 Vt. 513 (mem.) ("In matters of personal relations, such as abuse prevention, the family court is in a unique position to assess the credibility of witnesses and weigh the strength of evidence at hearing. As such, we review the family court's decision to grant or deny a protective order only for an abuse of discretion, upholding its findings if supported by the evidence and its conclusions if supported by the findings." (citation omitted)).

Here, the superior court considered the severity of the incident that led to the initial RFA order, particularly in light of the parties' acknowledgment of the potential danger to the children, as evidenced by father's stipulation to various conditions ensuring that he not use alcohol in their presence. The court also considered the totality of the current circumstances, including father's admission that he had resumed drinking and the absence of any recent evidence concerning his treatment needs. Given these circumstances, we cannot conclude that the court abused its discretion by extending the RFA order for an additional year.

We find unavailing husband's argument that the court effectively placed upon him the burden to prove that he no longer posed a danger to the children. As a practical matter, a respondent in father's position might benefit from presenting evidence, expert or otherwise, that any danger he previously posed to the children no longer existed because of his intervening conduct or treatment. But in fact the court did not place the burden of proof on father. Rather, the court concluded, after examining the evidence before it, that father continued to pose a risk of harm to the children based on its evaluation of the totality of the circumstances—including father's past abuse of alcohol in a manner that threatened the parties' children and his continued

use of alcohol without any definitive evidence that his alcohol problems had been fully addressed.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice