The husband[2] appeals from a permanent abuse prevention order, entered pursuant to G. L. c. 209A. He argues that (1) it was abuse of discretion for the judge to construe a Facebook "like" as a threat of imminent physical harm; (2) it was error for the judge to enter the order without evaluating whether it was reasonably necessary to protect the wife; and (3) it was error for the judge to enter the order without referencing the wife's burden of proof or making an explicit finding regarding the wife's credibility. We affirm.
The wife sought to make permanent an abuse prevention order she had obtained against the husband in 2015. In support, she supplied an affidavit that laid out the verbal, physical, and emotional abuse she had suffered at the hands of the husband during their marriage. The affidavit included details of a Facebook post the husband wrote in 2015, in which he described in dramatic narration how someone with the wife's birth date would die. In 2016, a few days prior to the abuse prevention order extension hearing, the husband posted that he "liked" a birthday greeting that someone else had left on the wife's Facebook timeline. In addition to her affidavit, the wife testified during the hearing that she was afraid of the husband and worried that the husband would try to kill her. The judge entered a permanent abuse prevention order.
A person seeking an extension of an abuse prevention order based on " 'fear of imminent serious physical harm' must always show that he or she is currently in fear of imminent serious physical harm, and that such fear is reasonable." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). Where abuse has already occurred, "a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Ibid.
The husband argues that the judge abused her discretion when she construed a Facebook "like" as a threat of imminent physical harm. However, the husband ignores the fact that the judge was entitled to interpret the husband's "like" by reference to the totality of the circumstances. See Iamele v. Asselin, 444 Mass. 734, 740, 739 (2005) (Iamele ) (judge is to look at totality of circumstances when deciding whether extension of 209A order is necessary to protect plaintiff "from the likelihood of 'abuse[3 ]' "). Those circumstances were such as to entitle the judge to interpret the husband's "like" as a threat. The wife stated, both in her affidavit and at the hearing, that she remained in fear not only that the husband would physically harm her, but also that he would kill her. When determining whether that fear was reasonable, the judge was entitled to consider the years of escalating emotional, verbal, and physical abuse the wife described. The judge was also entitled to consider the husband's Facebook post from the year before, which laid out in grim detail the death of a person with the wife's same birth date. The judge could find significance in the timing of the posts as well, and could reasonably infer that the timing of the "like" would stand as a reminder to the wife of the alarming Facebook post from the previous year.[4]
The husband also argues that the judge was required to articulate the wife's burden of proof and to make an explicit finding regarding her credibility; we disagree. What must be clear from the record is that the judge knew the correct standard for deciding whether to extend an abuse prevention order. See Iamele, supra at 741 (remand necessary where unclear what burden of proof judge believed plaintiff had to meet). Moreover, the judge's "ultimate decision [to grant the order] make[s] it clear that she credited [the victim]," even if she did not explicitly say so. Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).[5]
Order entered May 17, 2016, affirmed.

The plaintiff and the defendant were married when the plaintiff first sought an abuse prevention order. At the time the plaintiff sought the permanent abuse prevention order, the parties' divorce trial was completed but the judge (who was the same for both the divorce and the c. 209A proceedings) had not issued findings or entered a divorce judgment. For this reason, and for ease of reference, we refer to the defendant as "husband" and the plaintiff as "wife" although they are now divorced.

"Abuse" is defined, in relevant part, as "attempting to cause or causing physical harm" or "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1, as appearing in St. 1990, c. 403, § 2.

Because it is clear from the record that the judge took all of the circumstances into account, the husband's argument that the judge entered the order without evaluating whether it was reasonably necessary fails.

The wife's request for appellate attorney's fees is denied.