The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A (209A order), entered on October 20, 2017, after an evidentiary hearing. He argues that there was insufficient evidence to establish that he caused the plaintiff to be in reasonable fear of imminent serious physical harm. We affirm.
We review the extension of a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013). A judge abuses his discretion where "the judge made a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "A plaintiff seeking the extension of an abuse prevention order must prove 'by a preponderance of the evidence ... that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical harm.' " G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting MacDonald v. Caruso, 467 Mass. 382, 386 (2014). "In reviewing the judge's decision to [allow] the plaintiff's request for an extension of her protective order, 'we will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts.' " Iamele v. Asselin, 444 Mass. 734, 741 (2005), quoting C.O. v. M.M., 442 Mass. 648, 655 (2004).
The evidence permitted the judge to find the following.[2] The parties, who had been married approximately ten years, were in the midst of a contentious divorce. The plaintiff was now romantically involved with the defendant's former supervisor and friend. The episode triggering the plaintiff's filing of a G. L. c. 209A complaint happened during a transfer of the parties' children. During that transfer, the defendant was aggressive, screamed at the plaintiff, and swore. The episode occurred in the presence of the children and the plaintiff's parents. Approximately three months earlier, the defendant had threatened the plaintiff by saying that she "had better not come up to Maine, that he's going to have his friends beat up [her] boyfriend." He has also threatened to make her "life hell for the next 18 years." There was a history of physical abuse in the past, the most recent episode being eighteen months before the hearing. These events were connected to the defendant's alcohol abuse. The defendant "has choked [the plaintiff], he's pinned [her] down, he's hit [her] in the back, in the ribs, in the buttocks." Over the years, the plaintiff has called the police for help, and neighbors have also called the police out of concern for her safety. The defendant had broken into the plaintiff's house supposedly to obtain DNA evidence, and she had repeatedly had to ask him to leave her alone. The plaintiff testified she was afraid of the defendant.
Buttressing evidence came from the plaintiff's sister-in-law, who testified to an episode in which the defendant very forcefully placed his hands around her neck, pushed her against a wall, and pinned her there. Also corroborative was the testimony of the plaintiff's boy friend, who observed the defendant touch the plaintiff in an "unwarranted welcome [sic ] way," and of her parents, who testified to the defendant's anger during two altercations that took place during exchanges of the children.
There is an underlying fallacy in the defendant's argument that the plaintiff failed to prove that she was in reasonable fear of imminent serious physical harm. Where, as here, the evidence permitted the judge to find that the plaintiff had already been subject to physical abuse, the plaintiff does not bear the burden to prove a reasonable fear of imminent serious physical harm. Instead, "a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). On this basis alone, we would affirm the order. But even were we to accept the defendant's erroneous view of the law, he would fare no better because the evidence amply permitted the judge to find that the plaintiff was in reasonable fear of imminent serious physical harm.
For these reasons, the 209A order dated October 20, 2017, as modified on November 10, 2017, is affirmed.
So ordered.
affirmed as modified

Although the defendant argues that the judge should not have credited the plaintiff's testimony, "[w]e accord the credibility determinations of the judge who 'heard the testimony of the parties ... [and] observed their demeanor' ... the utmost deference." E.C.O., 464 Mass. at 562, quoting Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006).