NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1184

A.L.

vs.

M.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the issuance of an abuse prevention order pursuant to G. L. c. 209A, § 3 (209A order). He contends that there was insufficient evidence to support the issuance of the order, and that justice was not done when, after the judge issued the 209A order, the hearing was recessed although the defendant said that he wanted to present evidence of the plaintiff's abuse of him. We affirm.

Background. We focus on the evidence at the October 19, 2022 hearing after notice, at which the plaintiff and the defendant testified.

The plaintiff testified that she and the defendant had been in a five and one-half year dating relationship that ended three years previously. Since then, they had maintained minimal contact, generally consisting of the defendant's wanting to see

the plaintiff and to remain friends.  Sometime before September 15, 2022, the plaintiff sent the defendant a text message asking him to stop contacting her and telling him that she would not respond to any more of his messages.  On September 15 and 16, the plaintiff received text messages that, at the judge's request, she read into the record.[1]  On September 15, she received a text message from the defendant sent from his personal phone number asking if the plaintiff "ever want[ed] to talk."  The plaintiff did not respond.

On September 16, 2022, the plaintiff received a text message from a different phone number that she described as a "bot" that "can't be traced back to him right now."  That message stated, "You know, it's been a long time, my memory's a bit hazy but I remember there was some stuff that I had that you didn't want public.  I can't remember what it was.  I was thinking about making some posts, but maybe we should communicate before I accidentally share something that you may not have wanted others to see.  Let me know."  The plaintiff received a separate text message stating, "[A]ll right, your choice.  I got plenty I can use to make my own money back.  If you want me to be the bad guy, I'll be the ba[d] guy.  Shrug

_____

[1] See Mass. G. Evid. § 1119(c) (2023) (describing methods for presentation of digital evidence and preservation for appellate review).

2

emoji.  You have until Sunday or a lot more people are going to know about the mole on your left arm pit than me."  The plaintiff testified that during their relationship the defendant had raped her.  In the affidavit in support of her application for the 209A order, she averred that she was "concerned for [her] ability to remain safe without [a 209A] order."

The defendant testified that he did contact the plaintiff multiple times by text message because he "did not know why she didn't want to talk" and apologized if "she felt raped and if she regrets having sex with me or agreeing to things we did."  As to the September 16 text messages, the defendant testified, "I am not here to defend my actions taken on September 16th.  I think they were, um, very inappropriate.  I went, you know, too far and that same day, I clarified to the plaintiff that I did not actually have any sexual materials because I did not want her to continue to be scared."  The defendant testified that after he learned from a mutual friend on September 15th that the plaintiff had "perpetrated the abuse she put me through," he "reacted to it in the worst way possible, but it was a one event that I do not intend repeating."

The judge issued a one-year 209A order.  The defendant appeals from its issuance.

Discussion.  1.  Sufficiency of the evidence.  The defendant argues that the issuance of the 209A order was "[a]

completely invalid determination that I am a danger to [the plaintiff]," and was "based almost entirely on lies."

To support issuance of the 209A order, the plaintiff bore the burden to prove by a preponderance of the evidence that she was suffering from "abuse," which is defined by G. L. c. 209A, § 1 (b), to include "placing another in fear of imminent serious physical harm."[2]  To meet that standard under § 1 (b), the plaintiff was required to satisfy both a subjective and an objective standard:  that she was currently in fear of imminent serious physical harm, and that her fear was reasonable.  See Iamele v. Asselin, 444 Mass. 734, 737 (2005); Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship."  Iamele, supra at 740.  We review the issuance of a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error

---

[2] The statute defines "[a]buse" as "(a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; [or] (c) causing another to engage involuntarily in sexual relations by force, threat or duress." G. L. c. 209A, § 1.

4

of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  We accord the "utmost deference" to the credibility determinations made by the judge who "heard the testimony of the parties . . . [and] observed their demeanor" (citation omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

Based on the evidence before him, the judge could conclude that the plaintiff had proven by a preponderance of the evidence that the defendant had placed her in reasonable fear of imminent serious physical harm.  Cf. M.B. v. J.B., 86 Mass. App. Ct. 108, 109 & n.2 (2014) (evidence included past abuse and multiple communications, some under false name).  The plaintiff testified that during their relationship the defendant raped her, and averred in her affidavit that she was in fear of him.  The plaintiff presented text messages that the defendant sent to her, threatening that if she did not comply with his demands for contact, he would sell sexually explicit materials depicting her.  The defendant acknowledged that he had sent the text messages and that he knew she was "scared."

The defendant argues that his testimony that he later "clarified to the plaintiff that I did not actually have any sexual materials" should have negated her fear of imminent

serious physical harm.  We are not persuaded.  The judge could have credited the plaintiff's testimony that the defendant's threatening to post on the Internet sexually explicit materials depicting the plaintiff put her in reasonable fear, and he could further find that what she feared was imminent serious physical harm.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (inferring from judge's extension of 209A order that he found victim reasonably in fear of imminent serious physical harm).  Cf. J.C. v. J.H., 92 Mass. App. Ct. 224, 228 (2017) (plaintiff's fear of physical harm, G. L. c. 258E, § 1, shown by evidence including defendant's text messages warning that he was keeping "naked pictures" for "blackmail").  "[F]or the plaintiff's fear of imminent serious physical harm to be reasonable, it is not necessary that there be a history -- or even a specific incident of physical violence."  Noelle N., 97 Mass. App. Ct. at 665.  Cf. Commonwealth v. Chou, 433 Mass. 229, 235 (2001) (flyers posted in victim's school naming her and describing her in vulgar sexual terms and as "missing person" threatening in violation of G. L. c. 272, § 53, and gave rise to legitimate fear of bodily harm).  In considering the reasonableness of the plaintiff's fear, the judge was required to consider the "totality" of the parties' relationship, Iamele, 444 Mass. at 740, and thus could consider the plaintiff's allegations of sexual abuse during it.  See Yahna Y., 97 Mass. App. Ct. at 187.

6

See also Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).

"The judge's questions during the hearing and [his] ultimate decision make it clear that [he] credited [the plaintiff's] version of the evidence and rejected [the defendant's] conflicting testimony, which essentially consisted of denying all of [the plaintiff's] charges and describing her affidavit in support of the ex parte order as entirely false." Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006). As discussed above, we accord the judge's credibility determinations the utmost deference. See Noelle N., 97 Mass. App. Ct. at 664.

2. Defendant's proffer of additional evidence. After the judge ruled to issue the 209A order and the clerk announced its issuance, the defendant stated, "I have proof of abuse from the [p]laintiff that I wanted to present. Um, I don't know if that would impact the decision at all." The court session then ended. The defendant argues that the judge "afforded me no opportunity to present any evidence that would easily counter [the plaintiff's] claims." On the contrary, the defendant testified to his version of events, and the judge asked him several questions.

On appeal, the defendant has included in his appendix materials that include text messages as well as a psychological

7

evaluation of the defendant that post-dates the issuance of the 209A order.  Those documents were not "filed in the case" in the Boston Municipal Court, and so they are not properly included in the defendant's record appendix.  Mass. R. A. P. 18 (a) (1) (A) (v) (b), as appearing in 481 Mass. 1637 (2019).  Moreover, they do not undermine the judge's credibility findings as to the testimony he heard at the October 19, 2022 hearing after notice.

<u>Order entered October 19, 2022, affirmed</u>.

By the Court (Sacks, Grant & Smyth, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  August 21, 2023.

---

[3] The panelists are listed in order of seniority.