NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1218

H.Q.

vs.

K.Q.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from a District Court judge's order extending an abuse prevention order issued under G. L. c. 209A. He argues that the judge erred by employing an incorrect legal standard and that the plaintiff failed to meet her burden of demonstrating a continued need for the c. 209A order. We affirm.

The parties are married but in the midst of divorce proceedings. On September 4, 2020, the plaintiff filed a complaint for a c. 209A order, alleging that the defendant became violent with their daughter and gave her a concussion. A temporary c. 209A order issued ex parte, and after a two-party hearing on September 16, 2020, a judge extended the temporary

order for one year.[1]  The judge made the following written findings:  "[Plaintiff] says [defendant] was physically violent [with plaintiff] in the past, she never called the police. [Defendant] told [plaintiff] what goes on in the house, stays in the house."  On September 10, 2021, after a two-party hearing, the same judge extended the c. 209A order for an additional year.  The defendant did not appeal from either the first or second extension order.

On September 9, 2022, a different judge (second judge) held a third extension hearing.  Both parties testified.  At the conclusion of the hearing, the second judge ruled, "Considering only the . . . credible testimony before me, I will extend this order for one year."  It is from this order that the defendant appeals.

The defendant first argues that reversal is required because the second judge did not make findings of fact or explain what "credible testimony" she relied on in reaching her decision.  Because of this, the defendant urges us to presume that the second judge "employ[ed] an incorrect legal standard." His argument is unavailing.  We presume that judges correctly instruct themselves on the law.  See Goddard v. Goucher, 89

---

[1] The portions of the order that pertained to the parties' children were later vacated or modified and are not at issue in this appeal.

2

Mass. App. Ct. 41, 49 (2016).  Moreover, specific findings are not required in c. 209A cases so long as "we are able to discern a reasonable basis for the order in the judge's rulings and order."  G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

We thus turn to the defendant's second argument that there was no basis for the second judge's decision to extend the c. 209A order.  Where, as here, the original order was predicated on actual physical harm, the question for a judge faced with an extension request is whether there is a "continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).  "Among the nonexclusive factors the judge should consider are 'the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, [and] the parties' demeanor in court.'"  Id., quoting Iamele v. Asselin, 444 Mass. 734, 740 (2005).  We review a judge's decision to extend a c. 209A order only for an abuse of discretion or other error of law, according the judge's credibility determinations "the utmost deference" (citations omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

Based on the evidence presented at the hearing, the second judge properly found that the plaintiff established a continued

3

need for the c. 209A order.  The plaintiff testified to the defendant's history of violent behavior against both her and the children.  According to the plaintiff, the defendant physically and verbally assaulted her "many times," and she described a particular incident where the defendant threw a remote control at her and then "started to choke" her.  The plaintiff stated that she remained in fear of the defendant.  She also described the contentious nature of the ongoing divorce proceedings and testified that the defendant had violated a prior c. 209A order by contacting the parties' son to obtain information related to those proceedings.  The totality of these circumstances supported the second judge's decision to extend the c. 209A order for one year.  See Callahan, 85 Mass. App. Ct. at 375.

To the extent the defendant argues that the plaintiff's allegations of abuse were not credible, that argument fails because an extension hearing is not an opportunity for a defendant to "challenge the evidence underlying the initial order."  Iamele, 444 Mass. at 740.  Furthermore, questions of credibility are the province of the judge, who has the opportunity to observe the witnesses.  See G.B., 94 Mass. App.

4

Ct. at 395.  Here, the second judge implicitly credited the plaintiff's testimony, and we defer to her determination.[2]

Order dated September 9,
2022, extending G. L.
c. 209A order affirmed.

By the Court (Wolohojian,
Shin & Ditkoff, JJ.[3]),

Clerk

Entered: October 4, 2023.

---

[2] In the exercise of our discretion, we deny the plaintiff's request for appellate attorney's fees.
[3] The panelists are listed in order of seniority.

5