NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-751

S.M.

vs.

R.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order extending a G. L. c. 209A abuse prevention order. She contends that the extension of the order should be vacated because: (1) the plaintiff failed to satisfy his burden of proof, (2) the judge failed to address the plaintiff's "false statements," and (3) the judge violated her due process rights. We affirm.

Background. On March 8, 2022, following an ex parte hearing, a District Court judge issued an abuse prevention order (order) on behalf of the plaintiff, S.M., and against the defendant, R.M.[1] On March 18, 2022, following a hearing attended

---

[1] The plaintiff and defendant were married at the time of the issuance of the order as well as the events at issue in this appeal.

by both parties,[2] and at which the defendant (but not the plaintiff) was represented by counsel, a different District Court judge extended the order to May 3, 2022.[3] On May 3, 2022, following another hearing before the first judge, the order was extended for one year. It is from this May 3, 2022, extension order that the defendant now appeals.

Discussion. 1. Standard of review. We review the extension of a 209A order "for an abuse of discretion or other error of law." Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of

---

[2] The plaintiff and defendant testified at the March 18, 2022, hearing. The defendant's daughter, who was also the plaintiff's stepdaughter, also testified at that hearing.

[3] At the March 18, 2022, hearing, the plaintiff testified, inter alia, that on the evening of March 7, 2022, he "was awoken to a slate tile hurled in my direction, followed by a slew of toys and a floor lamp slammed down multiple times." At least one of the objects, thrown by the defendant, struck the floor and "impacted" the plaintiff's left hip. The plaintiff suffered a small bruise on his leg from the incident, and the defendant was criminally charged due to the incident. The plaintiff further testified that he was afraid that the defendant would harm him and was presently in fear of the defendant. The defendant acknowledged that she dropped the tile slate on the floor to "get [the plaintiff's] attention," but her testimony otherwise largely contrasted the plaintiff's version of events.

2

reasonable alternatives" (citation omitted).  L.L. v.

Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2.  Analysis.  The defendant first argues that evidence at

the extension hearing did not demonstrate a basis for a finding

that the plaintiff was in reasonable fear of imminent serious

physical harm within the meaning of G. L. c. 209A.  She further

contends that the judge failed to address the plaintiff's "false

statements."  The arguments are unavailing.

As noted above, a judge has discretion to issue a

protective order under G. L. c. 209A if the defendant is

"placing another in fear of imminent serious physical harm."

Iamele v. Asselin, 444 Mass. 734, 737 (2005), quoting G. L.

c. 209A, § 1.  The touchstone of the court's analysis is whether

the plaintiff is "currently in fear of imminent serious physical

harm" and whether that "fear is reasonable."  Id.  "In

evaluating whether a plaintiff has met her burden, a judge must

consider the totality of the circumstances of the parties'

relationship."  Id. at 740.  Here, the judge could have found,

and did find, that the defendant threw a "slate" at the

plaintiff; that the slate shattered and struck the plaintiff on

the left hip; that three years earlier the defendant had thrown

a large beer mug at the plaintiff; and that five months prior to

the plaintiff's testimony at the extension hearing, the

defendant had thrown a "Blue Moon pint glass" at the plaintiff.

The plaintiff testified to repeated assaultive behavior by the defendant and the judge explicitly credited the plaintiff's testimony.[4]  The judge determined that the plaintiff had "met his burden" and was "in fear of harm from the [d]efendant regarding her assaultive behavior on the date in question that gave rise to the [underlying] criminal case."  The record supports the judge's findings, and we cannot substitute our judgment for hers.  Indeed, when determining the continuing need for the order, the judge was in the best position to examine the parties and weigh their credibility.  See Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 526 (1997).  See also Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020) ("We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,'. . . the utmost deference" [citations omitted]).

Finally, the defendant contends that the judge deprived her of her due process right to a fair hearing.  This argument is likewise unavailing.  Evidentiary rulings are committed to the sound discretion of the judge.  See A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017) (judge has broad discretion in ruling on evidentiary issues).  In addition, the guidelines for abuse

---

[4] The plaintiff testified at the May 3, 2022, hearing, and was cross-examined at length.  The defendant did not testify and did not call any witnesses.

4

prevention proceedings state, in relevant part, "[e]ach party must be given a meaningful opportunity to challenge the other party's evidence in any contested hearing." Guidelines for Judicial Practice: Abuse Prevention Proceedings § 1:02(f) (Oct. 2021). Here, the transcript reveals that the judge conducted a comprehensive hearing, considered the defendant's arguments, allowed substantial and detailed cross examination of the plaintiff, credited the plaintiff's testimony, and determined that the plaintiff was "in fear of imminent serious physical harm." G. L. c. 209A, § 1. Furthermore, the defendant neither testified nor called any witnesses to testify. The transcript does not reveal any evidentiary rulings that constituted an abuse of discretion or deprived the defendant of the meaningful opportunity to examine the plaintiff's evidence or be heard. See A.P., supra at 161. The defendant received a fair hearing

and thus we affirm the May 3, 2022, extension of the abuse prevention order.[5]

Order entered May 3, 2022, affirmed.

By the Court (Rubin, Neyman & Walsh, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  November 17, 2023.

---

[5] Other points, relied on by the defendant but not discussed in this decision, have not been overlooked.  We find nothing in them that requires further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[6] The panelists are listed in order of seniority.