NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-404

S.G.

vs.

R.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After an evidentiary hearing, a District Court judge on November 1, 2021, issued a one-year abuse prevention order against R.S. pursuant to G. L. c. 209A.  R.S. did not appeal from the 209A order but filed a motion for reconsideration that the same judge denied.  On R.S.'s appeal, we affirm.

Background.  S.G. and R.S. lived together as roommates in an apartment in Somerville.  In the fall of 2021, they each filed an application for a restraining order against the other. S.G. sought an order pursuant to G. L. c. 209A, while R.S. sought a harassment prevention order pursuant to G. L. c. 258A. An evidentiary hearing was held on November 1, 2021, with respect to the parties' dueling requests.[1]  After hearing

---

[1] The record does not include all the dockets, and there is a suggestion in the transcript of the November 1, 2021, hearing

testimony from four witnesses, a judge issued the abuse prevention order requested by S.G., and denied the harassment prevention order requested by R.S. The 209A order was modified in a nonmaterial way on November 5, 2021.[2]

R.S. filed a motion for reconsideration on December 13, 2021, alleging that there was "new evidence" that represented a "drastic change in circumstances." The judge denied that motion the following day. On February 1, 2021, R.S. filed a notice of appeal "from the denial of the Motion to Reconsider on December 14, 2021." That appeal was untimely, but a single justice of this court eventually allowed R.S. to file a late appeal.[3]

Discussion. R.S. has briefed the current appeal as if it were an appeal from the November 1, 2021, order. Strictly speaking, however, R.S. appealed only from the denial of his subsequent motion for reconsideration. Yet, he has raised no argument as to how the judge abused his discretion in denying that motion. See generally, Audubon Hill S. Condominium Ass'n

_____

that one of the requested orders may initially have been issued on an ex parte basis. Nothing turns on this.

[2] The modification allowed R.S. to retrieve his belongings under police supervision.

[3] According to the record, the 209A order was subsequently extended on November 1, 2022, for twenty-nine days, and then on November 30, 2022, for another year. Whether R.S. appealed the third extension order, and whether any order remains in effect, are not clear on the present record. In any event, the current appeal is not moot. See Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 638 (1998).

2

v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012) (discussing standard of review of denials of motions for reconsideration).  His appeal fails on that ground alone.

Even if the propriety of the November 1, 2021, order was before us, R.S.'s arguments would be unavailing.  Before turning to R.S.'s arguments on the merits, we summarize the record evidence.

S.G. swore in her affidavit -- the truth of which she reaffirmed at the evidentiary hearing -- that R.S. had exposed himself to her while screaming "come and get some of this," something she described as "the most traumatic event of my life."  She described how R.S. would yell at her "constantly," such as his "screaming" on the date of one of the court hearings:  "'Not today you G.D. whore,' and spewing vulgarities at the top of his lungs."

Two downstairs neighbors corroborated that R.S. had abused S.G.  They described "yelling and taunting" by R.S., and they recounted how his "disruptive episodes have [become] more frequent and erratic."  They expressed their own fear that R.S. was "a danger to the life and well-being of [S.G.]," and they noted that she had told them "how she is afraid of what he will do to her, and that she would rather than be dead than be raped by that man."

R.S., who also testified at the hearing, denied S.G.'s allegations. However, it was up to the judge, as fact finder, whether to credit those denials.[4] Although the judge did not make specific findings, it is evident from her actions that she credited S.G.'s testimony and that of the downstairs neighbors. In assessing the sufficiency of the evidence supporting the issuance of the abuse prevention order, we view the evidence in the light most favorable to the plaintiff. Szymkowski v. Szymkowski, 57 Mass. App. Ct. 284, 285 n.4 (2003).

Based on this record, there was ample evidence before the judge that R.S. had placed S.G. in reasonable fear of imminent

---

[4] R.S. brought to the judge's attention certain police reports that he maintained somehow contradicted S.G.'s allegations. The record indicates that, after perusing these, the judge returned them to R.S. R.S. makes no argument based on those police reports, which in any event are not before us.

serious physical harm.  See <u>Iamele</u> v. <u>Asselin</u>, 444 Mass. 734, 736-737 (2005); <u>Ginsberg</u> v. <u>Blacker</u>, 67 Mass. App. Ct. 139, 142-148 (2006).

<u>Order dated December 14, 2021, denying motion for reconsideration, affirmed</u>.

By the Court (Milkey, Henry & Desmond, JJ.[5]),

*Paul Little*

Assistant Clerk

Entered:  March 20, 2024.

---

[5] The panelists are listed in order of seniority.