The defendant appeals from an abuse prevention order dated June 5, 2017, entered pursuant to G. L. c. 209A. He argues that the evidence was insufficient to permit the judge to find that the plaintiff was reasonably in fear of imminent bodily harm. We affirm.
On June 3, 2017, the plaintiff sought an abuse protection order pursuant to G. L. c. 209A on behalf of her minor son. On June 5, she sought a similar order on her own behalf. Both applications were supported by the plaintiff's affidavit dated June 2, 2017,[2] and by testimony elicited during an evidentiary hearing on June 5. Together, those materials permitted the judge to find the following. The parties, along with the plaintiff's children had lived together since September of 2014 in the defendant's home. Over time, the defendant had become increasingly verbally abusive towards the children by calling them useless and worthless, and swearing at them. The plaintiff stated that the relationship with the defendant had been "very rough." At one point during a fight with the plaintiff, the defendant had said that her dog would be "gone" one day when she returned home from work.
Several months before the applications, when she told the defendant that she "was looking for a place, he said, 'When you move out, you'd better keep an eye out over your shoulder 'cause you'll never know where I am.' " She had since then "been quietly looking for alternative housing" and was at the time of the applications and hearing looking to move out.
A few months before the applications, in February of 2017, her son had been admitted to a hospital for observation and placed on "suicide watch" followed by two weeks of psychiatric outpatient care. A few days before the application, the plaintiff had been contacted by the son's school and told that he was again having suicidal thoughts. When the son arrived home, the defendant told the son to kill himself, and taunted him by saying "he [the son] wouldn't do it because he was a pussy and he had no balls." When the plaintiff arrived home, the defendant acted as though nothing had happened, and then (when confronted) said that "it needed to be said and the truth hurts."
The judge entered two one-year abuse protection orders (one for the plaintiff and one for the son),[3] and suggested that the plaintiff find a place to live within thirty days.[4] He also told the defendant that once the plaintiff left, he (the judge) would modify the order so as to permit the defendant to return to the home. As anticipated, the order was subsequently modified on August 4, 2017, to, among other things, permit the defendant to return to the residence as of August 14, 2017.
"We review the issuance of an order pursuant to G. L. c. 209A for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). A judge abuses his discretion where the judge "made 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We discern no abuse of discretion here.
Looking at the totality of the circumstances, Iamele v. Asselin, 444 Mass. 734, 741 (2005), the judge did not abuse his discretion in finding that the plaintiff, as she stated, was in imminent fear of bodily harm, and that such fear was objectively reasonable. G. L. c. 209A, § 1(b ), as appearing in St. 1990, c. 403, § 2 (abuse defined as "placing another in fear of imminent serious physical harm"). The relationship between the parties was "very rough," the defendant had a history of escalating verbal abuse towards the younger members of the household, had threatened the disappearance of the plaintiff's dog, and had attempted to amplify and actuate the psychologically vulnerable son's suicidal ideation. In addition, the defendant had made explicit that the plaintiff would need to keep an eye out over her shoulder (a statement the judge could reasonably construe as a threat of physical harm) should she move out-which the plaintiff testified she was in the process of attempting. It is true that the threat had been conveyed several months earlier, but its imminence was satisfied by the fact that the plaintiff was currently in the process of trying to accomplish the condition upon which the threat was based.
Order dated June 5, 2017, affirmed.

From the judge's reference to two affidavits at the beginning of the evidentiary hearing, we can infer that the applications were also supported by a second affidavit that is not included in the appellate record.

The defendant appeals only the order that relates to the plaintiff.

The defendant owned the home and ran his business out of it.