The defendant appeals from the denial of his 2017 motion to vacate various G. L. c. 209A orders, arguing that the judges who entered the orders abused their discretion. We affirm.
On January 21, 2009, the plaintiff filed an abuse protection complaint pursuant to c. 209A supported by an affidavit in which she stated that the defendant, upon release from prison, appeared at the women's residence where she was staying despite having told him to not contact her. Based on her knowledge of his past, his associations, and "an abusive relationship," she averred that the event put her in fear for herself, her daughter, and the staff of the residence. A one-day temporary order entered that day.
The defendant did not appear at a hearing the next day, and the previous order was extended to January 30, 2009. After a hearing on January 30, 2009 (at which the defendant again did not appear), a one-year order entered, which expired on January 29, 2010. On January 29, 2010, the defendant again did not appear and a permanent order entered. The defendant did not appeal from any of these orders.
In 2013, the defendant filed a motion to modify/terminate the permanent order to the extent of removing the daughter from its scope. That motion was allowed. In 2017, the defendant moved to vacate the remaining portion of the orders. As grounds, he argued that the orders should never have been entered because, although he appeared at the plaintiff's residence, he did nothing to place her in fear and left when it was clear she did not want him there, and that her letters to him while he was incarcerated belied her contention that she did not want him to contact her. He does not contend that he placed any of this information before the judges at any of the underlying hearings; in fact, as noted above, he did not appear. Moreover, he has not included in the record the transcripts of the hearings or any other information about what evidence was placed before the judges during them.[2] Nonetheless, the defendant contends it was an abuse of discretion to enter the orders.
In this posture, none of the underlying orders are susceptible to attack on this ground. Where, as here, no appeal was taken, an abuse prevention order's "underlying basis [is] not to be reviewed, nor its validity second guessed." Iamele v. Asselin, 444 Mass. 734, 742 (2005). See MacDonald v. Caruso, 467 Mass. 382, 387 (2014) ("Where, as here, the defendant does not challenge on direct appeal the entry of a permanent abuse prevention order under G. L. c. 209A, it becomes a final equitable order"). For this reason, the motion to vacate was properly denied.[3]
Order denying motion to vacate dated September 29, 2017, affirmed.

The record indicates that the defendant asked the District Court clerk about the transcripts, and was informed that they no longer existed. See Rule 211 of District Court Special Rules.

We note that the defendant contends that he is currently being harmed because the parole board has viewed, and will continue to view, the orders negatively. Although prospective application of a c. 209A order may in some circumstances be terminated, the defendant would have to prove by clear and convincing evidence that the order is no longer equitable. See MacDonald, supra at 384 n.4, 389. This was not the basis of his motion below, nor is it the focus of his appeal now.