NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-849

T.M.

vs.

T.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant (father) appeals from a District Court order extending an ex parte G. L. c. 209A abuse prevention order issued against him, contending that the evidence was insufficient to support a finding that he had placed the plaintiff (mother) in reasonable fear of imminent serious physical harm. We agree and accordingly vacate the order.

Background. Complaining that she had "suffered abuse" "since 2017" because the father "placed [her] in fear of imminent serious physical harm," the mother applied for a c. 209A abuse prevention order against the father on May 27, 2022. The affidavit in support of the complaint recounted in general terms a marriage in disarray, the father's escalating verbal and psychological abuse and his unpredictable anger and volatility. The only specific incident recounted was one that

took place on the date the restraining order was requested, an altercation between the father and their seventeen year old daughter that "became physical," causing the mother to fear for the daughter's safety. An on-call judge issued an ex parte order requiring the father to vacate the family home and to have no contact with the mother, as well as their two children -- the seventeen year old daughter and a fifteen year old son.[1]

At the extension hearing on May 31, 2022, the mother's testimony gave no further detail concerning the father's alleged abuse of her, except to say that there had been no physical abuse. As to the incident with the daughter, the mother explained that the physical altercation consisted of the father slapping away a telephone that the daughter was using to record him (as he argued with the mother and daughter) and the struggle that ensued over control of the telephone. The order was extended for a one-year period of time, at which point it expired.[2]

Discussion. We review the extension of an abuse prevention order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022),

---

[1] Although the order required the defendant not to contact the children, this was not a "next friend" petition, and the children were not plaintiffs.
[2] Less than two months after the judge extended the order, the parties filed for divorce.

quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). A plaintiff seeking to extend an abuse prevention order "bears the 'burden of proving by a preponderance of the evidence that she is suffering from abuse' under c. 209A." Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552 (2023), quoting Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020). "Typically, the inquiry will be whether a plaintiff has a reasonable fear of 'imminent serious physical harm.'" Iamele v. Asselin, 444 Mass. 734, 739-740 (2005), quoting G. L. c. 209A, § 1 (b).

> "In reviewing the judge's decision to [allow] the plaintiff's request for an extension of her protective order, we will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts."

G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting Iamele, supra at 741.

Here, the mother's testimony, even when considered in conjunction with her affidavit, was "insufficient to meet the definition of 'abuse' under G. L. c. 209A, § 1 (b)." Carroll v. Kartell, 56 Mass. App. Ct. 83, 86 (2002). See id. at 85-86 (vacating abuse prevention order where "there was no basis for the judge to conclude that [the defendant] had placed [the plaintiff] 'in fear of imminent serious physical harm'"). Although the mother testified to the father's escalating behavior, she did not indicate what that behavior was. Cf.

3

Noelle N., 97 Mass. App. Ct. at 663 (plaintiff testified to specific instances of escalating abusive behavior directed at her). Nor did the telephone incident involving the daughter serve to provide the necessary abusive conduct toward the mother. See Szymkowski v. Szymkowski, 57 Mass. App. Ct. 284, 288 (2003) (father kicking child in leg out of annoyance and cuffing child under chin out of irritation was "intemperate parenting" rather than "abuse" under statute). See also Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 642 (1998) (allegation that father verbally harassed children and hit and grabbed child when angry was insufficient to constitute "abuse" under statute).

The mother's general and conclusory allegations of abuse, involving no threats or attempts at physical violence and no specific conduct by the father directed at the mother, amounted to nothing more than a "subjective and unspecified fear." Carroll, 56 Mass. App. Ct. at 86. See Wooldridge, 45 Mass. App. Ct. at 639 (conclusory assertions of defendant having been "abusive" and "verbally abusive" without factual details). The evidence was insufficient to meet the plaintiff's burden.

Conclusion. The order dated May 31, 2022, is vacated, and the District Court is to direct the appropriate law enforcement

4

agency to destroy all record of that order.  See <u>Wooldridge</u>, 45

Mass. App. Ct. at 638.

<u>So ordered</u>.

By the Court (Massing,
Ditkoff & Singh, JJ.[3]),


Clerk

Entered: August 7, 2023.

---

[3] The panelists are listed in order of seniority.