NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1008

N.S.

vs.

S.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, S.S., appeals from the extension on July 13, 2023, of a G. L. c. 258E harassment prevention order previously entered against him on July 13, 2022.  The extension order commanded the defendant not to abuse, harass, or contact, and to stay away from the plaintiff, N.S., for an additional six months, until January 13, 2024.  We affirm.

The plaintiff obtained a temporary order on an ex parte basis and, following a two-party hearing held on July 13, 2022, it was extended for one year.  The defendant filed a timely notice of appeal, and the clerk of the District Court assembled the record and transmitted it to this Court on September 6, 2022.  The defendant was required to take action to docket the appeal within fourteen days, see Mass. R. A. P. 10 (a), as appearing in 481 Mass. 1618 (2019), but he failed to do so and

the appeal was never docketed.  The defendant did not file a motion to docket the appeal late, which would have required a showing of excusable neglect and a meritorious case on appeal. See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019).  Because the defendant failed to appeal from the original order, it is not before us, and we decline to address his claims that (1) the judge violated the defendant's due process rights at the July 13, 2022, hearing or (2) that the plaintiff failed to prove malicious intent.

After the order was extended for six months on July 13, 2023, by a different judge, the defendant timely filed a second notice of appeal, the record was assembled, and the defendant took the necessary steps to docket the appeal.  We therefore address the defendant's claim that the evidence at the 2023 hearing was insufficient to warrant an extension.  We review the judge's decision to extend the harassment prevention order for abuse of discretion.  See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022).

When a G. L. c. 258E order is already in place, the defendant is not permitted to challenge the evidence underlying the initial order, and the plaintiff is not required to reestablish the facts sufficient to support the initial grant of an order.  See Iamele v. Asselin, 444 Mass. 734, 740 (2005); Yasmin Y., 101 Mass. App. Ct. at 258.  Rather, the plaintiff

2

must establish continued need of the order to protect her from the effects of the past harassment, even if further harassment is not reasonably imminent. See id. at 259; Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020). Factors that a judge may consider include, but are not limited to, "the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, the parties' demeanor in court, [and] the likelihood that the parties will encounter one another in the course of their usual activities." Yasmin Y., supra at 258, quoting Iamele, supra.

The defendant places significant weight on the fact that he did not contact or harass the plaintiff during the year that the order was in effect. While a violation of the order would certainly have warranted its extension, compliance with the order does not prove that it is unnecessary, as defendants subject to harassment prevention orders are expected to comply with them. See MacDonald v. Caruso, 467 Mass. 382, 388-389 (2014) (explaining why passage of time with no violations does not amount to change in circumstances warranting modification of order).

The defendant also argues that there was no likelihood that the parties would encounter each other. The plaintiff addressed this point in her testimony at the extension hearing, stating that the defendant's past pattern of conduct caused her to fear

that he would attempt to insert himself back in her life as soon as the order expired. When the judge asked her to expound on this fear, the plaintiff explained that before she sought the order, when she asked the defendant not to contact her or her family and blocked his ability to reach her through social media, he continued to find reasons to contact the plaintiff and her family members, and it took the court order to make him stop. Indeed, at the extension hearing, the defendant continued to rationalize his unwanted contact by saying that it was not "harassment," but rather was "a way to protect her." "[A]n order may remain necessary where the plaintiff's 'fear of [the defendant] was clear and palpable and . . . her sense of security would be substantially diminished were the order to expire.'" Yasmin Y., 101 Mass. App. Ct. at 258, quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 375 (2014). The judge reasonably found, given the parties' circumstances, a continued need for the order to protect the plaintiff from further harassment.

At the same time, the judge considered the defendant's conduct while the order was in place and determined that the extension of the order should be of limited duration. Accordingly, the judge extended it for only six more months. As the judge did not make "a clear error of judgment in weighing the factors relevant to the decision" and his decision did not

4

"fall outside the range of reasonable alternatives" (quotation omitted), L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014), he did not abuse his discretion.

Order dated July 13, 2023, affirmed.

By the Court (Vuono, Massing & Toone, JJ.[1]),

Assistant Clerk

Entered:  April 24, 2024.

---

[1] The panelists are listed in order of seniority.