NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1125

A.R.

vs.

J.E.F.-R.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, on behalf of her minor daughter, appeals from an order of a judge of the Probate and Family Court denying her request to extend a G. L. c. 209A abuse prevention order (209A order).  She argues that the judge abused her discretion by applying an incorrect legal standard and by relying on extraneous factors to deny the extension.  On May 7, 2024, we issued an order reversing the order denying the plaintiff's request and remanding for further proceedings.  This memorandum and order states the reasons for our May 7, 2024 order.[2]

_____

[1] The defendant did not file a brief or participate in this appeal.

[2] We acknowledge the amicus letter submitted by the Massachusetts Law Reform Institute, Northeast Legal Aid, Greater

Background.  On October 17, 2022, the plaintiff applied for a 209A order on behalf of her fourteen year old daughter, G.C., against the defendant.  The defendant, G.C.'s ex-boyfriend, is a sixteen year old who lives in the same town and attends the same high school as G.C.  In her affidavit, G.C. alleged that the defendant had made repeated sexual advances towards her and sexually assaulted her.[3]  After these events, the defendant began harassing G.C. in school, following her in the hallways of their shared high school, taunting her at her softball games, posting "cruel and untrue" things about her on social media, and inciting his friends to harass G.C. and her friends and to AirDrop photos to her.[4]  A judge of the Probate and Family Court granted the application ex parte.  The 209A order mandated that the defendant not contact G.C. and to stay at least five yards away from her.

A two-party evidentiary hearing was held on October 26, 2022, after which the order was extended for eight months.  A

_____

Boston Legal Services, MetroWest Legal Service, and South Coastal Counties Legal Services.

[3] The defendant was criminally charged on the basis of those allegations.  At the time of the June 28, 2023, hearing, the defendant was released on bail with certain conditions imposed, including stay away and no contact orders regarding G.C.

[4] AirDrop allows a person to wirelessly send photos, videos, documents, and more to other nearby devices and Mac computers. https://support.apple.com/guide/iphone/use-airdrop-to-send-items-iphcd8b9f0af/ios.

second extension hearing occurred on June 28, 2023.  Both parties were represented by counsel.

At the June 28 hearing, G.C. reaffirmed her testimony that she and the defendant dated and that he sexually assaulted her. She alleged two additional contacts while the order was in effect.  First, on January 28, 2023, G.C. received on her Instagram account a "follow" request from an account in the defendant's name and took a screenshot of the request.[5]  Second, one day at school the defendant entered the cafeteria during G.C.'s lunch period (the defendant had a different lunch period) and sat down at a table.  The table was more than five yards from G.C., according to the observations of the school resource officer.  The defendant's friends began taunting G.C. and AirDropping photos of the defendant to her.

G.C. further testified on direct examination that she continued to suffer repercussions from the defendant sexually

---

[5] On cross-examination, G.C. testified that the sender's account did not have a corresponding profile picture, posts, or followers that could be used to identify the account holder. The judge did not admit the photo as evidence because it was not sufficiently authenticated.  See R.S. v. A.P.B., 95 Mass. App. Ct. 372, 377 (2019), quoting Commonwealth v. Purdy, 459 Mass. 442, 448 (2011) (evidence that social media account bears defendant's name is not sufficient alone to authenticate without additional confirming circumstances, as may be found by looking to the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics").

assaulting her, including anxiety, panic attacks, and "PTSD" and that she would become nauseated when she looked at her body. She stated that she was still in fear of the defendant and that she felt she was still in need of a 209A order. The defendant did not testify.

After each counsel made a closing argument, the judge stated:

> "So this is a difficult case. It's a difficult case, folks, because of the youth of the parties involved. But there is a criminal case pending. He is under conditions on the criminal case. I'm not extending the order. He's under conditions on a criminal case."

The judge further admonished the defendant, telling him that he was "well on [his] way to screwing up [his] life" and that this was his chance "to straighten out [his] life." The judge then "terminat[ed]" the order. Plaintiff filed a notice of appeal on July 24, 2023.

On August 2, 2023, the judge issued findings from the June 28 hearing. Although the judge made certain credibility findings as to G.C.'s testimony, the basis for the termination of the 209A order was not based on these findings, but rather, as discussed infra, on errors of law. The judge also concluded that it was unlikely the parties would encounter each other and that the order was "not necessary to protect [G.C.] from the impact of the previous act of abuse," and reiterated her

4

termination of the 209A order.  As explained infra, this, too, was an improper basis upon which to terminate the order.

Discussion.  "We review the extension of a c. 209A order 'for an abuse of discretion or other error of law.'"  Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024), quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022).  "[W]e will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts."  Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).

A request to extend a 209A order pursuant to G. L. c. 209A, § 1 (c) is reviewed to determine whether there is a "continued need for [the] order to protect the plaintiff from the impact of the violence already inflicted."  Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014).  See Yanha Y. v. Sylvester S., 97 Mass. App. Ct. 184, 187 (2020) (where "the plaintiff seeks protection from the effects of past sexual abuse, [the plaintiff] need not allege a fear of imminent future sexual abuse").  See also Yasmin Y. v. Quentin Q., 101 Mass. App. Ct. 252, 257 (2022) (extension of harassment prevention order based on prior sex offense reviewed to determine whether order will "protect the plaintiff from the impact of the violence already

5

inflicted" [citation omitted]).  In determining whether the plaintiff has a continued need for the order, "[t]he judge must consider the totality of the parties' relationship and the legislative purpose of preserving 'the fundamental human right to be protected from the devastating impact of family violence.'"  Callahan, 85 Mass. App. Ct. at 374, quoting Iamele v. Asselin, 444 Mass. 734, 740 (2005).  This includes an assessment of the basis for the initial order, the defendant's violations of protective orders, ongoing litigation that "is likely to engender hostility, the parties' demeanor in court, the likelihood that the parties will encounter one another in the course of their usual activities," and other relevant circumstances.  Iamele, supra at 740.

The judge abused her discretion where she terminated the 209A order based on extraneous factors.  At the hearing, the judge stated that she was not extending the order because the defendant was subject to conditions of probation.  Whether a defendant is subject to conditions of pretrial release is not an appropriate consideration. See Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 319 (2020).[6]

---

[6] We also note the existence of a complaint for delinquency against the defendant based on crimes in which G.C. is the alleged victim.  The judge failed to address the existence of ongoing litigation that "is likely to engender hostility" between the parties.  Iamele, 444 Mass. at 740.  A.R.'s counsel

6

The judge's other comments regarding the youth of the parties and that the defendant was "well on [his] way to screwing up [his] life" also suggest that she was considering the impact of the extension on the defendant's life, as opposed to the needs of G.C.  As we held recently in Calliope C., 103 Mass. App. Ct. at 725-726, a judge abuses her discretion by considering the "lifelong adverse consequences to the defendant" in determining whether to extend a 209A order.

In her written findings, the judge emphasized that the defendant had not violated the order.[7]  General Laws c. 209A, § 3 mandates that "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for . . . failing to extend the order."  Further, a plaintiff is not required to prove new instances of abuse where they seek an extension under § 1 (c).  Latoya L., 104 Mass. App. Ct. at 177-178.  See Yanha Y., 97 Mass. App. Ct. at 187; Callahan, 85 Mass. App. Ct. at 374.

---

reports that the delinquency matter has since resolved by a plea agreement.

[7] As it is unnecessary to our resolution of the case, we take no position on whether the defendant's friends' AirDropping photographs to G.C. in the cafeteria amounted to a violation of the portion of the 209A order directing the defendant not to contact G.C. "electronically or otherwise, either directly or through someone else."

7

Additionally, the judge's written findings demonstrate that she failed to consider the fact that the initial 209A order issued based on G.C.'s affidavit averring that in January 2022 the defendant sexually assaulted her, which at the extension hearing the judge was required to credit. See Latoya L., 104 Mass. App. Ct. at 178; Iamele, 444 Mass. at 740 ("judge is to consider the basis for the initial order . . . [t]his does not mean that [the defendant] may challenge the evidence underlying the initial order"). The judge acknowledged the parties' prior dating relationship and the pending "Juvenile Court matter," but not the sexual assault. If the plaintiff is suffering from the effects of "involuntary sexual relations, G. L. c. 209A, § 1 (c), there is no question that an extension should be granted." Iamele v., 444 Mass. at 740 n.3. Here, the plaintiff stated that because of the sexual assault she continued to suffer from anxiety, panic attacks, and "PTSD" and that she would become nauseated when she looked at her body.

Finally, the judge abused her discretion in concluding that "it is not likely that the parties will encounter one another in the course of their usual activities" because they do not live close to each other. This was not a reasonable conclusion in light of her findings that the parties live in the same town, attended the same high school, and the defendant showed up at G.C.'s lunch period when he was supposed to be in class. See

8

Commonwealth v. Kolenovic, 471 Mass. 664, 672 (2015) (abuse of discretion standard is an inquiry as to whether "the judge's decision resulted from 'a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives'"), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Conclusion.  Because of these errors, we issued an order on May 7, 2024, reversing the Probate and Family Court judge's order and remanding for a two-party hearing on the issuance of a 209A order to be scheduled within thirty days of the issuance of the rescript.  See Calliope C., 103 Mass. App. Ct. at 726.  The issuance of a further extension order shall depend on the plaintiff's demonstration of a continued need for the order. Id.  We further directed that an ex parte 209A order enter until such hearing is held.

So ordered.

By the Court (Henry, Grant & D'Angelo, JJ.[8]),

*Paul Little*

Clerk

Entered:  August 8, 2024.

---

[8] The panelists are listed in order of seniority.

9