NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-722

C.M.

vs.

S.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an abuse prevention order issued under G. L. c. 209A by a judge of the Probate and Family Court. The defendant contends that the judge abused her discretion by granting the order because the plaintiff failed to prove that she had an objectively reasonable fear of imminent serious physical harm.  We affirm.

Background.  We summarize the judge's detailed factual findings.  The parties were married in 2011 and had two children together.  They divorced in January 2024.  The parties' separation agreement, which was incorporated into the divorce judgment, provided that they would share legal and physical custody of the children and would communicate with each other

exclusively through a parenting application, AppClose, and regarding issues related to the children only.

On February 19, 2024, while the children were with the plaintiff, the defendant called the plaintiff's cell phone multiple times between 9 A.M. and 9:30 A.M.  He then called one of the children's cell phones and said that they were late for his parenting time.  When the plaintiff interjected and reminded the defendant that they had agreed to switch days, the defendant screamed at her, causing her to hang up.  The plaintiff then sent the defendant a message through AppClose, agreeing to bring the children to his home around 10 A.M.  Later that evening the defendant sent the plaintiff a message stating that he "should have had the police involved" because she did not bring the children to him at 9 A.M.

Over the following weeks, the parties continued to have conflicts regarding parenting time, as evidenced by messages they exchanged over AppClose.  The defendant also called the plaintiff repeatedly.  On February 25, 2024, the defendant called the plaintiff four times between 8:03 P.M. and 8:45 P.M.; on February 29 he called her three times between 7:47 A.M. and 8:42 A.M.  The plaintiff did not answer any of these calls. Later on February 29, the defendant sent the plaintiff several messages over AppClose telling her multiple times to "get a job" and accusing her of taking his money and "on purpose try[ing] to

2

fuck [him] over."  On March 30 the defendant called the plaintiff eleven times between 8:40 A.M. and 11 A.M.

In May 2024 the plaintiff filed a complaint for civil contempt against the defendant, claiming that he violated the divorce judgment in several ways, including by contacting her outside of AppClose.  On May 10, one week after being served with the contempt complaint, the defendant showed up at the children's baseball practice, which was scheduled during the plaintiff's parenting time.  Upon arriving, the defendant parked his car right next to the plaintiff's even though there were other available spaces in the parking lot.  This caused the plaintiff to move her car to another space.

After the plaintiff got out of her car and began to watch the practice with some of her friends, the defendant approached and began to swear and yell at her about various things.  He appeared to be intoxicated, and his "behavior seemed different" to the plaintiff "than at any other time during the parties' history together."  The plaintiff left her seat and returned to her car, where she continued watching the practice.  The defendant followed her and began pacing around the car, yelling at the plaintiff about various things, while also yelling and swearing loudly on his phone about the pending contempt action. After being yelled at for some time, the plaintiff told the defendant that she would call the police if he did not go away

3

and stop talking to her. The defendant stopped yelling at this point and stood behind the plaintiff's car.

At the end of the practice, the defendant walked the children to the plaintiff's car and put them in their seats. He then walked around to where the plaintiff was sitting in the driver's seat and "began banging on the window." The plaintiff did not respond and waited for the defendant to leave, which he did eventually.

The next day, a Saturday, the plaintiff took the children to a baseball game. The defendant arrived and at one point sat down right next to the plaintiff. When the game ended, "the [d]efendant yelled at the [p]laintiff in front of a crowd of people that the [d]efendant knew that the [p]laintiff had not called the police the day before because he had called the police and talked to the police himself."

The following Monday, the plaintiff sought and obtained an ex parte abuse prevention order on behalf of herself. A two-party hearing was held on May 23, 2024. After the hearing, at which both parties were represented by counsel, the judge extended the ex parte order for one year.

Discussion. We review the issuance of an abuse prevention order "for an abuse of discretion or other error of law." Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). An abuse

4

of discretion exists only where "the judge made a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotations and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

To be entitled to an abuse prevention order, "a plaintiff must prove by a preponderance of the evidence that an order is 'necessary to protect her from the likelihood of abuse.'" Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Iamele v. Asselin, 444 Mass. 734, 739 (2005).  As relevant here, "[a]buse" is defined as "placing another in fear of imminent serious physical harm."  G. L. c. 209A, § 1 (b).  A plaintiff has the burden of proving both that she was in fear of imminent serious physical harm and that her fear was reasonable. See Iamele, supra at 737.  "In evaluating whether a plaintiff has met her burden, a judge must consider the totality of the circumstances of the parties' relationship."  Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting Iamele, supra at 740.

The defendant's argument on appeal is that the plaintiff failed to prove that her fear of imminent serious physical harm was reasonable.[1]  Based on the plaintiff's testimony, however,

---

[1] To the extent the defendant argues that the plaintiff failed to prove that she was subjectively in fear, the judge

5

which the judge credited, the judge was within her discretion to conclude otherwise.  In so concluding, the judge gave "significant weight to the escalating threatening conduct by the [d]efendant."  As the judge found, in the weeks following the parties' divorce, the defendant repeatedly called the plaintiff in violation of the divorce judgment and sent her written messages showing that he was angry about the terms of their separation agreement.  After the plaintiff filed a contempt complaint, the defendant arrived intoxicated at the children's baseball practice and parked his car right next to the plaintiff's even though there were other spaces available.  The defendant then yelled at the plaintiff, followed her when she tried to disengage, paced around her car while yelling and swearing loudly about the contempt action, and banged on her car window.  In light of this escalating behavior, the judge was within her discretion to find that the plaintiff's "fear was reasonable, especially viewed in the context of recent

_____

found to the contrary based on the plaintiff's "credible testimony and the [judge's] own observations during the hearing."  We defer to this determination, which is supported by the plaintiff's testimony that the defendant's behavior made her "nervous for [herself]," "nervous of what his plans were" and "what . . . he was going to do next," "afraid for [herself]," and "afraid of what will happen next."  See Noelle N., 97 Mass. App. Ct. at 664 ("We accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" [quotations and citation omitted]).

interactions between the parties." See Noelle N., 97 Mass. App. Ct. at 665-666 (judge properly found plaintiff's fear reasonable where defendant engaged in "erratic and escalating behavior," which "arose in the context of a vigorous dispute over parenting time with the minor children"); Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 143-144 (2006) (judge properly found plaintiff's fear reasonable where defendant engaged in increasingly erratic behavior, culminating in incident in which he screamed at plaintiff and flailed hands close to her face).

Contrary to the defendant's suggestions, the plaintiff did not need to offer evidence of physical violence or overt threats to prove that her fear was reasonable. See Noelle N., 97 Mass. App. Ct. at 665. "[E]rratic and unstable behavior, in the context of an escalating and emotional argument, can create a reasonable apprehension that force might be used" (quotations and citation omitted). Id. Here, the judge's detailed factual findings support her determination that the plaintiff had a reasonable fear of imminent serious physical harm, given the defendant's erratic and escalating behavior. There was no abuse of discretion.

The plaintiff has requested an award of appellate attorney's fees but has failed to provide a basis for the request. To the extent the plaintiff is claiming that the

appeal is frivolous, we deny her request in the exercise of our discretion.

> Order dated June 11, 2024, extending abuse prevention order affirmed.
>
> By the Court (Neyman, Shin & Wood, JJ.[2]),

*Paul Little*

> Clerk

Entered:  March 13, 2025.

---

[2] The panelists are listed in order of seniority.