NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-859

S.B.

vs.

L.M.-H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, L.M.-H., appeals from an abuse prevention order issued pursuant to G. L. c. 209A, § 3.  He argues that the plaintiff, S.B., failed to show by a preponderance of the evidence that she had a reasonable fear of imminent serious physical harm.  We affirm.

Background.  On March 21, 2024, the plaintiff filed a complaint for an abuse prevention order against the defendant. In support of her complaint, the plaintiff provided an affidavit averring that the defendant had left a voicemail message for her aunt stating that he was going to send someone to the plaintiff's college campus to "take care of" her and hire a private investigator to find out where she was.  She further

averred that the defendant had contacted officials at her college and claimed that she was threatening him. The District Court judge issued an ex parte abuse prevention order that day. After the ex parte order was extended two times, a two-party hearing was held on May 6, 2024. Both parties were present, and the defendant was represented by counsel.

At the hearing, the plaintiff introduced into evidence the recorded voicemail message from the defendant. In the message, the defendant stated that the plaintiff "has a dorm room there in Massachusetts at [a specific college], but my private investigator will take care of her, . . . he's going to contact [the college], show all the threats from her and her fucking drug dealer in Houston, Texas, and that's that . . . ." The plaintiff testified that the defendant is her brother who, ever since their mother died in June 2021, has engaged in aggressive and paranoid behavior and "shown violent behavior in the past towards [her] and [her] autistic, nonverbal brother." Even though she had not spoken with her brother in over a year, he has left "similar messages that he believes I'm contacting him and threatening him."

On cross-examination, the plaintiff testified that there were "ongoing matters" in a probate court in Connecticut involving her mother's estate, of which the plaintiff, the defendant, and their brother are beneficiaries. The plaintiff

2

testified that "noticeable anger and mental issues arose" with the defendant after their father died in 2015, "but it became significantly worse after our mother passed." The defendant now lives in Florida. Although the plaintiff was not sure what the defendant was implying by stating that his private investigator would "take care of her," a university police sergeant to whom she reported the message "believed it was a threat towards [her] well-being." She further testified that in December 2021, the last time she stayed overnight at her family home, the defendant "threatened for [her] to leave the house and . . . punched the staircase wall and [she] called the police." The defendant has also thrown things at her and threatened to harm her while striking objects near her.

The defendant did not testify at the hearing. At its conclusion, the judge stated that he found the plaintiff credible and issued the abuse prevention order for one year, until May 5, 2025.

Discussion. On appeal, the defendant argues that there was insufficient evidence to justify the abuse prevention order. We disagree.

To support issuance of the order, the plaintiff bore the burden to prove by a preponderance of the evidence that she was suffering from "abuse," which is defined by G. L. c. 209A, § 1 (b), to include "placing another in fear of imminent serious

3

physical harm."  To meet that standard, the plaintiff was required to satisfy both a subjective and an objective standard: that she was currently in fear of imminent serious physical harm, and that her fear was reasonable.  See Iamele v. Asselin, 444 Mass. 734, 737 (2005); Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship." Iamele, supra at 740.  We review the issuance of an abuse prevention order for an abuse of discretion or other error of law.  E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Based on the evidence before him, the judge did not abuse his discretion in concluding that the abuse prevention order was warranted based on the plaintiff's credible testimony regarding her fear of the defendant's increasingly aggressive and paranoid behavior.  We give the judge's credibility determinations "the utmost deference" (citation omitted).  Noelle N. v. Frasier F.,

4

97 Mass. App. Ct. 660, 664 (2020).  The defendant's voicemail message substantiated the reasonableness of that fear.  While the defendant contends that the message did not imply that he would harm the plaintiff, his statement that his private investigator would "take care of" the plaintiff could reasonably be interpreted as a threat to her safety.  The plaintiff further testified that the defendant had attempted to call her through anonymous phone numbers and accused the plaintiff of threatening him even though they had not spoken in more than a year.  This evidence was sufficient to allow the judge to find that the defendant's conduct caused the plaintiff to be in reasonable fear of imminent serious physical harm.

<u>Order entered May 6, 2024, affirmed</u>.

By the Court (Rubin, D'Angelo, & Toone, JJ.[1]),

Clerk

Entered:  September 23, 2025.

---

[1] The panelists are listed in order of seniority.

5