NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1507

L.H.

vs.

R.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an extension of an abuse prevention order issued pursuant to G. L. c. 209A (209A order) following a hearing in the District Court.  We affirm.

Background.  The parties are the divorced parents of an elementary school-aged child.  On October 26, 2024, the plaintiff obtained an emergency 209A order against the defendant.[1]  Following a two-party hearing on November 5, 2024, a judge extended the 209A order for one year.[2]  Both parties

---

[1] The temporary order was initially scheduled for a hearing on October 28, 2024, and then rescheduled to November 5, 2024, at the defendant's request.

[2] On December 26, 2024, the order was modified to incorporate the terms of a December 20, 2024 Probate and Family Court temporary order.  On April 9, 2025, the order was again

appeared at an extension hearing on November 5, 2025.  After finding that "there [was] still some hostility, at least some friction" with an upcoming Probate and Family Court trial between the parties,[3] a different judge extended the 209A order for one year.

Discussion.  To extend a 209A order, the plaintiff bears the burden to demonstrate by a preponderance of the evidence that an extension is necessary to protect her from the likelihood of "abuse" as defined in G. L. c. 209A, § 1.  See Iamele v. Asselin, 444 Mass. 734, 739 (2005).  We review a judge's decision to extend a 209A order for an abuse of discretion or other error of law.  See E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013).  We give deference to the credibility determinations of the judge who heard the parties' testimony and observed their demeanor.  See id. at 562.

Our inquiry is limited to reviewing only whether the November 5, 2025 extension order properly issued; we do not consider the plaintiff's challenges to the initial order issued after the two-party hearing on November 5, 2024.  See Iamele, 444 Mass. at 740 ("The judge is to consider the basis for the

---

modified to incorporate a Probate and Family Court stipulation from the same date.

[3] At the extension hearing, the plaintiff testified that the trial involved issues of custody arrangements, domestic violence, and failed drug tests.

2

initial order in evaluating the risk of future abuse should the existing order expire. This does not mean that the restrained party may challenge the evidence underlying the initial order"). Where the defendant failed to make a timely challenge to the initial order, his hearsay challenges to the plaintiff's affidavit and to the evidence presented at the November 5, 2024 hearing are not properly before us. See id.

The defendant argues that the evidence failed to demonstrate any recent act of abuse, that the plaintiff failed to demonstrate a reasonable fear of imminent harm, that the judge improperly based the extension on courtroom friction and custody conflict, and that the 209A order was used to influence the custody litigation. We disagree. Where the plaintiff has suffered past physical harm, an extension is warranted if "there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent" (citation omitted). Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020). Here, the judge expressed his concerns over ongoing "hostility" and "friction" between the parties and their upcoming Probate and Family Court trial. In deciding to extend the order, the judge was permitted to consider the ongoing Probate and Family Court proceedings between the parties. See Iamele, 444 Mass. at 740 (judge should consider factors including "ongoing child custody

3

or other litigation that engenders hostility" and "the parties' demeanor in court").  Based on our review of the record, we discern no error in the judge's decision to extend the order.

Although the defendant had not violated the 209A order, the judge properly noted that that was not a reason to deny the plaintiff's request to extend the order because it demonstrated that the order was working.  In light of the ongoing physical abuse perpetrated by the defendant during the course of the marriage, the judge could reasonably conclude that an extension of the order was needed in light of the upcoming Probate and Family Court trial.[4]  As we have discussed, a 209A order may be extended if the judge determines that it is necessary to protect

_____

    [4] The judge considered extending the order only until the Probate and Family Court trial date, but extended it longer because "trials get continued quite frequently."  As the judge predicted, the trial date was in fact continued.

4

a plaintiff from the impact of past abuse.  See <u>Vera V.</u>, 98

Mass. App. Ct. at 319.

<u>Order dated November 5, 2025,
extending abuse prevention
order affirmed</u>.

By the Court (Shin, Ditkoff &
Tan, JJ.[5]),

Clerk

Entered:  June 15, 2026.

---

[5] The panelists are listed in order of seniority.