NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1449

D.O.

vs.

C.C.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from an order of a judge of the District Court denying her request to extend a G. L. c. 258E harassment prevention order (258E order). We conclude that the judge erred by failing to determine whether an extension was required to protect the plaintiff from the impact of the past criminal sexual conduct by the defendant that gave rise to the initial 258E order. We therefore vacate the order denying the plaintiff's request for an extension and remand the matter for further proceedings.

Background. On July 12, 2019, a District Court judge issued an ex parte 258E order based on sworn statements of the plaintiff alleging that the defendant, a coresident in her

housing complex, made highly sexualized remarks to her, which "escalated" to the point where he touched her neck, shoulders, back, waist, buttocks, and "part way in between [her] legs" despite her saying "no" repeatedly.  The plaintiff stated that on several other occasions, the defendant placed letters in her mailbox that contained sexual comments, and on another occasion, the defendant threatened to "get" the plaintiff.  The plaintiff stated she feared that the defendant would rape her and that she would be unable to get away from the defendant because she was disabled.  Following a two-party hearing on July 26, 2019, the judge extended the order for one year.  Two other judges granted additional one-year extensions on three subsequent hearing dates at which both parties were present.

On August 9, 2023, the plaintiff and the defendant appeared with counsel before a fourth judge for a hearing on the plaintiff's request for a further extension of the 258E order. The plaintiff filed a new affidavit, restating that the defendant had sexually assaulted her in May 2019 and harassed her on multiple occasions (including as recently as May 2023), causing her "emotional pain and trauma."  She stated that she remained in fear due to the defendant's ongoing behavior, including conduct that violated the 258E order.  The plaintiff reiterated these concerns during her testimony at the hearing. Although there appeared to be no dispute with the plaintiff's

2

assertion that she had reported incidents of violations of the 258E order to the police, the judge focused on why he should extend the order "when there's been no police action, there's been no violations as a result of any charges." When the plaintiff's counsel pointed out that the plaintiff "was a victim of a sexual assault by [the defendant]," the judge replied, "That's four years ago . . . and no charges were brought." The judge concluded the hearing by ruling, "I'm not extending this order. Under the law, I have to make a renewed finding every time this comes back in that there is a reasonable imminent fear of physical harm . . . . There hasn't been any physical harm in over four years. They live near each other, they don't like each other. I'm not extending the order."

Discussion. We review a judge's decision whether to extend a 258E order for an abuse of discretion or other error of law. See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 256 (2022). Where the record reflects that the judge applied an improper standard, "we will not hesitate to remand for further findings" (citation omitted). Id. The standard for extending a 258E order is whether the plaintiff has demonstrated, by a preponderance of the evidence, that extension is reasonably necessary to protect the plaintiff from further harassment. See G. L. c. 258E, § 3; Iamele v. Asselin, 444 Mass. 734, 736-737 (2005). The justification for extending the order varies

3

depending upon the basis on which the order was granted. Yasmin
Y., supra at 256-257.

Here, the judge improperly focused the scope of his
analysis too narrowly. The evidentiary basis for the initial
258E order included both "[three] or more acts of willful and
malicious conduct aimed at [the plaintiff] which were committed
with the intent to cause fear, intimidation, abuse or damage to
property and did in fact cause fear, intimidation, abuse or
damage to property," and an act "committ[ed] against [the
plaintiff] . . . that constitutes [indecent assault and
battery]."[1] Thus, the plaintiff was entitled to an extension if
she proved either a reasonable fear of imminent future
harassment absent extension of the order or that "the order
[was] necessary to protect her from the impact of that past sex
offense." Yasmin Y., 101 Mass. App. Ct. at 257. It was error
for the judge to deny the extension based on the plaintiff's
failure to demonstrate "a reasonable imminent fear of physical
harm." Id. We therefore vacate the order denying the
plaintiff's request for an extension of the 258E order and

---

[1] The plaintiff, who was self-represented at the ex parte
hearing, checked only the first box of the 258E order complaint
form, which pertains to three or more acts of willful and
malicious conduct. However, the affidavit and accompanying
written statements aver that the defendant touched the
plaintiff's buttocks and "part way in between [her] legs from
[her] back side" without her consent. See G. L. c. 265, § 13H
(indecent assault and battery).

4

remand for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Rubin, Hand & Brennan, JJ.[2]),

Clerk

Entered: December 5, 2024.

---

[2] The panelists are listed in order of seniority.