NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1272

R.P.

vs.

L.W.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order).  We affirm.

Background.  The parties dated from the end of 2022 through the beginning of 2023 and share one child in common.  On August 2, 2024, the plaintiff filed a complaint for a 209A order against the defendant.  A Boston Municipal Court judge issued the 209A order ex parte.  On August 9, 2024, a hearing after notice was held on the 209A order at which only the plaintiff appeared, and the order was extended for one year.  On August 12, 2024, the defendant filed a motion to terminate the 209A order, stating she was in the hospital and therefore unavailable for the August 9 hearing.  A hearing on the defendant's motion was scheduled for August 16, 2024.  Before the hearing date, the

defendant filed a request for a 209A order against the plaintiff.

On August 16, 2024, a Boston Municipal Court judge conducted a two-party hearing that addressed the plaintiff's request for an extension of his 209A order, the defendant's motion to terminate that order, and the defendant's request for a 209A order against the plaintiff.  Both parties testified and each of them submitted a "binder" of documentary evidence.  The judge gave the parties time to review the binders during the hearing; the defendant did not object to the admission in evidence of the plaintiff's binder.[1]  At the conclusion of the hearing, the judge found that both parties were "suffering from abuse" and issued mutual restraining orders.  By extending the plaintiff's 209A order, the judge implicitly denied the defendant's motion to terminate that order.

Discussion.  1.  Sufficiency of evidence.[2]  General Laws c. 209A permits a person suffering from abuse by a family or household member to obtain an abuse prevention order.  See

---

[1] The plaintiff initially objected to the defendant's submission but then withdrew his objection.  Both binders were admitted as evidence.

[2] The defendant claims "the restraining order was not justified by a compelling state interest to protect against a serious threat of harm," which we take as a challenge to the factual and legal sufficiency of the 209A order.

E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  As relevant here, "abuse" is defined as "placing another in fear of imminent serious physical harm."  G. L. c. 209A, § 1.  To meet that standard, the plaintiff must prove both current fear of imminent serious physical harm and that the fear was reasonable.  See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).

We review the extension of a restraining order for an abuse of discretion or other error of law.  E.C.O., 464 Mass. at 561-562.  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' . . . the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  In evaluating whether the plaintiff has met his burden of proving that he has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship."  Iamele v. Asselin, 444 Mass. 734, 740 (2005).

According to the plaintiff's affidavit in support of the ex parte order, on July 20, 2024, the defendant appeared at the plaintiff's home uninvited during a celebration of his child's first birthday.[3]  He alleged that the defendant "trespassed" by coming into his gated and locked backyard, where she "tried to assault" him, his children, the mother of those children, and other family members.  At the extension hearing, the plaintiff testified that in addition to the behavior described in his affidavit, on July 20, 2024, the defendant threatened to "get people to come here and shoot this whole shit up."  He also told the judge that on different occasions in early 2023, the defendant threatened him with a knife and punched him in the face.  The plaintiff indicated that after the relationship ended, the defendant called him hundreds of times per day and on one occasion slashed his car tires.  He testified that in 2022, the defendant was charged with assault and battery on him and breaking and entering into his home.  The plaintiff's evidence binder included a USB flash drive with a recording of a Facebook post by the defendant, screen shots of text message conversations between the parties, photographs, and police reports from prior incidents involving the parties.  The

_____

[3] The child was not the defendant's, but rather was one of the plaintiff's three children from a prior relationship.

4

plaintiff further stated that this was his fifth restraining order against the defendant, and that he feared for his safety based on the defendant's behavior.

We infer that the judge credited this evidence and conclude that it was adequate to prove by a preponderance of the evidence that the defendant had placed the plaintiff in reasonable fear of imminent serious physical harm. See Iamele, 444 Mass. at 735, 741 (evidence of past physical violence and present fear, if credited, adequate to justify extension of 209A order). See also Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 665-666 (2020) (erratic and unstable behavior can create a reasonable apprehension that force might be used); Ginsberg, 67 Mass. App. Ct. at 141 (reasonable fear of imminent serious physical harm where defendant was "physically aggressive" with plaintiff despite not touching her, by screaming and waving his hands in her face).

We disagree with the defendant's contention that the judge erred by failing to consider that (1) the plaintiff's testimony lacked corroboration; (2) the plaintiff fabricated parts of his testimony and his testimony was inconsistent with his affidavit; and (3) the plaintiff sought the 209A order to retaliate for a pending criminal case against him alleging the defendant as a victim. The judge's findings noted the history between the parties, including the Facebook posting and text exchanges,

prior restraining orders against the defendant, and the pending criminal case against the plaintiff. The judge was not required to specify the weight she accorded to each component of the evidence presented during the hearing. See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018) (where reasonable basis for judge's rulings and order is discernible, no specific findings required). On the record of this case, there was no error or abuse of discretion in the judge's implicit determination that the plaintiff was suffering from "abuse" for the purposes of G. L. c. 209A.[4]

2. Admissibility of evidence. Where the defendant raised no objection to the plaintiff's testimony or evidence binder at the hearing, her argument that the judge relied on inadmissible evidence is waived. See Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 641 (2023) (arguments not raised to judge are waived). Even if we were to consider this argument, we are not persuaded that the judge improperly relied on inadmissible evidence to grant the 209A order. In the context of a 209A hearing, the rules of evidence do not need to be strictly followed "provided

---

[4] As noted above, the judge found that "both [parties were] suffering from abuse, as we define it under 209A against each other." The judge stated that she was going to make written findings required for mutual 209A orders, but the defendant did not provide those findings. See Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 540 (2014); Mass. R. A. P. 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023).

that there is fairness in what evidence is admitted and relied on [by the judge]." A.P. v. M.T., 92 Mass. App. Ct. 156, 161 (2017), quoting Frizado v. Frizado, 420 Mass. 592, 597-598 (1995).  Here, the judge heard testimony from both parties that included first-hand observations and hearsay.  The judge also admitted in evidence binders containing similar types of documents from both parties.  Moreover, before accepting the plaintiff's binder, the judge afforded the defendant a full opportunity to review and object to it.  We thus discern no lack of fairness in the judge's admission of evidence.

3.  Defendant's right to be heard.  We disagree with the defendant's assertion that she was deprived of a meaningful opportunity to counter the plaintiff's claims against her.  A defendant in a 209A extension hearing "has a right to notice and an opportunity to be heard."  M.M. v. Doucette, 92 Mass. App. Ct. 32, 34 (2017).  Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 1:02 (Oct. 2021).  "A meaningful opportunity to be heard includes an opportunity to address the material and determinative allegations at the core of a party's claim or defense and to present evidence on the contested facts."  Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).  The defendant did not seek to cross-examine the plaintiff.  When the judge indicated she was ready to make a decision, the defendant raised concern that she had more

information to present.  The judge then invited the defendant to provide any additional evidence the defendant wanted her to consider, and the defendant offered her binder and additional testimony.  We are satisfied on this record that the judge afforded the defendant a full and fair opportunity to be heard.

4.  Defendant's First Amendment rights.  The defendant argues that the judge erred by considering the plaintiff's evidence of the "live video" the defendant posted on Facebook as a basis for the 209A order because it was "free speech" protected by the First Amendment to the United States Constitution.  Because the defendant did not provide a copy of the Facebook post, we have no way of assessing the validity of her assertions regarding its content.  See Selmark Assocs., Inc. v. Ehrlich, 467 Mass. 525, 540 (2014); Mass. R. A. P. 18 (a) (1) (D), as appearing in 491 Mass. 1603 (2023).

Order extending G. L. c. 209A order, entered August 16, 2024, affirmed.

Order denying motion to terminate abuse prevention order affirmed.

By the Court (Henry, Hand & Brennan, JJ.[5]),

Clerk

Entered:  November 4, 2025.

---

[5] The panelists are listed in order of seniority.