NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-44

H.K.

vs.

E.P.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, E.P., appeals from an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (c. 209A order).  He argues that the District Court judge erred in applying the statute and that the plaintiff, H.K., failed to show by a preponderance of the evidence that she had a reasonable fear of imminent serious physical harm.  We conclude that the judge did not err, and we affirm.

Background.  On December 2, 2024, the plaintiff filed a complaint for an abuse prevention order against the defendant. In support of her complaint, the plaintiff provided an affidavit averring that one morning the defendant "pushed [her] against [their] kitchen counter at [their] house and grabbed [her] arm

so hard when [she] tried to get away that he left bruises on [her] arm." The defendant also grabbed the plaintiff by the shoulders and pulled her toward him, even though she told him she did not want to be touched and tried to push away. The plaintiff further averred that on November 30, 2024, after she had left their house for a week, she reached out to the defendant to address "the joint stuff that need[ed] to be handled." During that encounter, the defendant grabbed her by the arms and face and tried to force her to kiss him. A District Court judge issued an ex parte temporary abuse prevention order that day. See G. L. c. 209A, § 4.

A two-party hearing was held before a second District Court judge on December 4, 2024. Both parties were present, and the defendant was represented by counsel. The plaintiff testified that she had experienced numerous incidents of physical abuse during their relationship. The most recent occurred on November 30, 2024, in the defendant's truck. The plaintiff testified that when she tried to talk to the defendant, "he ended up grabbing [her] face, grabbing [her] arms, trying to get [her] to look at him; look him in the face, and repeatedly yelling at [her] in the truck." When the plaintiff tried to leave, he initially blocked her from getting out. The plaintiff testified that "the physical abuse has been going on for more than a year, also with the emotional and mental abuse as well; . . . this

2

isn't just an isolated incident from Saturday; this has been an ongoing issue throughout at least the duration of the relationship."

The defendant testified that he and the plaintiff had been in a relationship for almost five years. They lived together and were engaged to be married. The defendant testified that he never threatened the plaintiff, pushed her, grabbed her, or committed any other act of violence against her, and that they rarely argued. According to him, he and the plaintiff embraced willingly after she got in his truck on November 30, 2024. While they proceeded to have "a difficult conversation" about their relationship, the defendant testified that he did not yell at her, push her, or engage in aggressive behavior. The defendant acknowledged that "[s]he seemed uncomfortable at certain points, where [he] would kind of take [his] hand off or whatever, but after that it was never anything forced." He further testified that he did not try to block the plaintiff from getting out of the truck, but rather asked for her permission to stand next to the passenger door because a back injury made it difficult for him to converse in his car seat.

At the conclusion of the two-party hearing, the judge ruled that the abuse prevention order would remain in effect for one year, until December 3, 2025. Among other modifications, the

judge reduced the distance by which the defendant must stay away from the plaintiff from 100 to twenty-five yards.

Discussion. We review the issuance of an abuse prevention order for an abuse of discretion or other error of law. See E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013). "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"General Laws c. 209A enables a person suffering from abuse from an adult or minor family or household member to obtain a protective order directing the defendant, among other things, to refrain from abuse or contact" (quotation and citation omitted). E.C.O., 464 Mass. at 562. "Under G. L. c. 209A, § 1 (e), family or household members include persons who are or have been in a substantive dating or engagement relationship" (quotation omitted). E.C.O., supra. "Abuse" is defined, inter alia, as "placing another in fear of imminent serious physical harm." G. L. c. 209A, § 1 (b). To meet that standard, the plaintiff must satisfy both a subjective and an objective standard: that she is currently in fear of imminent serious physical harm, and that her fear is reasonable. See Yahna Y. v. Sylvester S., 97 Mass.

4

App. Ct. 184, 186 (2020).  In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship." Iamele v. Asselin, 444 Mass. 734, 740 (2005).  Where, as here, the judge has not made specific factual findings on the record, we consider whether the judge could have found, by a preponderance of the evidence, together with all permissible inferences, that the defendant placed the plaintiff in fear of imminent serious physical harm.  See G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018); Frizado v. Frizado, 420 Mass. 592, 597 (1995).

In her affidavit, which the judge acknowledged at start of the hearing, and through her testimony, the plaintiff presented evidence of physical and verbal abuse that had lasted "for more than a year."  In the incident at their house, the defendant pushed the plaintiff against a counter and grabbed her arm so tightly that she was bruised.  In the truck, the defendant grabbed the plaintiff by the arms and face and temporarily blocked her from getting out.  The plaintiff testified, "I kept pulling away from him, telling him I don't want him to touch me, I don't want him grabbing my chin, . . . I don't want to kiss him, I don't want to be touched . . . ."  This record belies the defendant's contention that the plaintiff failed to show that he

was "violent or threatening in any way."  It was within the judge's discretion to credit the plaintiff's account of these incidents, as well as her testimony that she suffered similar physical and emotional abuse throughout their relationship.  See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006) ("We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor,' the utmost deference" [citation omitted]).  After considering "the totality of the circumstances of the parties' relationship," Iamele, 444 Mass. at 740, the judge reasonably could have concluded that the c. 209A order was necessary because the defendant's conduct put the plaintiff in fear of imminent serious physical harm and such a fear was reasonable.  See Yahna Y., 97 Mass. App. Ct. at 186.

The defendant asserts that the judge erred by stating that, even in the absence of physical harm, an unconsented touching can be a legally sufficient basis to issue an abuse prevention order under G. L. c. 209A.  We disagree.  First, the plaintiff provided evidence of physical harm by averring that the defendant bruised her arm at their house.[1]  Second, the "purpose

_____

[1] We are unpersuaded by the defendant's arguments that, where the judge asked the plaintiff to focus her testimony on the events of November 30, 2024, and the plaintiff therefore did not testify to this physical harm at the two-party hearing, the judge did not or could not rely on it in issuing the c. 209A order.  First, contrary to the defendant's arguments, the

6

of a c. 209A order is to protect a plaintiff from the likelihood of abuse," and "[a] plaintiff need not wait until an assault occurs to seek protection." M.B. v. J.B., 86 Mass. App. Ct. 108, 117 (2014).  At the hearing, the judge explained that, if credited, the plaintiff's testimony that the defendant "forcibly was trying to kiss her by putting his hands on . . . forcibly trying to kiss her without her permission or consent," would satisfy "the definition of abuse."  It was within the judge's discretion to reach this conclusion, notwithstanding the defendant's belief that his conduct was appropriate because "touching is consented to generally in a domestic relationship."

> Order dated December 4, 2024, affirmed.
>
> By the Court (Vuono, Desmond, & Toone, JJ.[2]),

Clerk

Entered:  November 20, 2025.

---

judge's request does not show that he did not credit the plaintiff's statements regarding the physical harm in her affidavit.  Second, to the extent the defendant argues that the judge could not consider the affidavit, the defendant cites only a case involving the evidence before a judge on a motion to suppress, which is inapposite.

   [2] The panelists are listed in order of seniority.